## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-CR-29-HAB |
| | ) | |
| JOSEPH SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Joseph Sanders has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 187 and 193). The Government responded in opposition on June 16, 2020. For the following reasons, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On December 11, 2019, Sanders was sentenced to 84 months imprisonment on Count 1s to run concurrent to 84 months on Count 2s. (ECF No. 175). Sanders' sentence resulted from his plea of guilty to being a convicted felon in possession of a firearm (Count 1s) and possessing with intent to distribute cocaine and heroin (Count 2s). (ECF Nos. 114, 120, 122). He is currently incarcerated at the Bureau of Prisons facility, Oklahoma City FTC.

Sanders filed his notice of appeal, and his case is currently on appeal with the Seventh Circuit Court of Appeals, Cause No. 20-1523.[1]

---

[1] While the Defendant's Motion was under consideration, the Court received a letter from the Defendant indicating that he tested positive for COVID-19 and was under quarantine and receiving medical treatment at the institution. (ECF No. 196).

## **DISCUSSION**

As noted, the Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

In this case, however, the Court cannot consider whether Sanders meets the above requirements because his pending appeal deprives this Court of jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Although the district court retains jurisdiction to correct a sentence "resulting from arithmetical, technical or other clear error" within 14 days of sentencing or to "correct[ ] clerical errors," it may not substantively modify judgments. *See* Fed. R. Crim. P. 35(a) and 36; Fed. R. App. P. 4(b)(5) (stating that "[t]he filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a

2

sentence under Federal Rule of Criminal Procedure 35(a)"). Thus, once the Defendant filed his notice of appeal challenging his conviction and this Court's sentence, jurisdiction over the questions raised in his § 3582(c) motion transferred as well. Accordingly, this Court has no jurisdiction over the Defendant's motion and the motion is DENIED.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES the Defendant's Motion (ECF No. 187).

So ordered on June 17, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT