**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:17-CR-29-HAB |
| ) | |
| JOSEPH SANDERS ) | |

## OPINION AND ORDER

For the second time, Joseph Sanders ("the Defendant") has filed a letter/motion ("the Motion") seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (See ECF Nos. 187, 198). The Court denied his first Motion on June 17, 2020 for lack of jurisdiction due to his pending appeal. (ECF No. 197). The Defendant has now dismissed his appeal and filed the present request for compassionate release (ECF No. 198).[1] The Government filed its response to his latest Motion on August 6, 2020. (ECF No. 202). For the following reasons, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On December 11, 2019, the Defendant was sentenced to 84 months imprisonment on Count 1of a four-count superseding indictment to run concurrent to 84 months on Count 2 of that same indictment. (ECF No. 175). The Defendant's sentence resulted from his plea of guilty to a charge of felon in possession of a firearm (Count 1s) and possession with intent to distribute cocaine and

---

[1] Because the Defendant was seeking a reduction pursuant to § 603(b)(1) of the First Step Act ("FSA") and pursuant to this Court's General Order 2020-11, the Court referred the Defendant's letter to the Northern District of Indiana Federal Community Defenders, Inc. ("FCD") for it to consider representing the defendant with respect to his motion. (ECF No. 201). On July 28, 2020, the FCD filed a Second Notice indicating that it would not be appearing on the Defendant's behalf. (ECF No. 201). Consistent with the Court's order, the Government responded to Defendant's *pro* se motion. (ECF No. 202).

heroin (Count 2s). (ECF Nos. 114, 120, 122). At the time he filed his present motion, Defendant was incarcerated at the Oklahoma City FTC, awaiting transfer. A review of the BOP website shows that the Defendant has been moved to Big Sandy USP with an estimated release date of April 16, 2023.[2]

## DISCUSSION

The Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

   (1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

   (i) extraordinary and compelling reasons warrant such a reduction …

   … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion

---

[2] https://www.bop.gov/inmateloc (last accessed 9/1/2020)

requirement to proceed further, and he has not done so here. This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020); see also *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[3]

This Court has repeatedly declined to weigh in on whether the exhaustion requirement is a mandatory one or subject to equitable considerations, such as waiver. *See United States v. Russell,* No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the absence of clear precedent on exhaustion, this Court's preference has been to "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5. This case is no different.

The Defendant asserts that while at Oklahoma FTC (prior to his transfer to Big Sandy USP), he has tested positive twice for COVID-19 and was in quarantine. As a result of symptoms he has exhibited from the virus, the Defendant indicates that he has been prescribed "several mental

---

[3] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in all other compassionate release cases in this division, reserved its right to contest this issue.

and physical medications and inhalers." (ECF No. 198 at 1). Additionally, he indicates that if the Court appointed counsel "several medical and mental print outs" would be given to counsel "as physical evidence to satisfy my lawful burden of proof." (*Id.*). The Defendant is "scared for my life" and realizes that "this life style [sic] isn't for me." (*Id.* at 2).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-

19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

In this case, the Defendant's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting his motion. The Defendant has not articulated any medical condition that makes him more susceptible to the virus nor has he provided any basis for the Court to conclude that he suffers from a serious condition that increases the likelihood of severe consequences from COVID-19.[4] In fact, having contracted COVID-19, the Defendant appears to have successfully weathered the virus, was released from quarantine, and was well enough to be transferred to Big Sandy USP. The Government represents that the Defendant's medical records indicate that he tested negatively twice – once on July 16, and again a week later on July 23.

Moreover, although Defendant indicates that he has been prescribed medications for his COVID-related symptoms, he has not alleged that he suffered any serious complications or severe illness due to COVID-19. The Court finds that together, Defendant's recovery and the absence of

---

[4] In his original motion, the Defendant did mention that he had breathing, thyroid and high blood pressure problems. However, the record contains no evidence of these issues and, at the time he was sentenced, his presentence report did not indicate that the Defendant had any medical issues.

serious complications from having contracted COVID-19 weigh against releasing Defendant due to any risks associated with becoming infected with COVID-19. *See United States v. Billings*, No. 19-CR-00099-REB, 2020 WL 4705285, at *6 (D. Colo. Aug. 13, 2020) (denying the defendant's motion for compassionate release in part because "[the defendant] experienced no serious symptoms despite testing positive for the virus and has no reported lingering side effects now that he has recovered."); *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *6 (D. Kan. July 13, 2020) (noting that the defendant had recovered from COVID-19 and did not have severe complications from the virus and finding that these facts cut against defendant's compassionate release request); *United States v. Gallegos*, No. 4:17-CR-568, 2020 WL 3403032, at *3 (S.D. Tex. June 19, 2020) (observing that, because the defendant had already contracted and fully recovered from COVID-19, it could not say that the defendant's asthma substantially diminished the defendant's ability to care for himself in the facility).[5]

Other than the fact that he has contracted COVID-19 already, Defendant has not set forth any additional circumstances for the Court to consider. His age is not a high-risk factor as the Defendant is only 30 years old. Nor has the Defendant asserted any family circumstances warranting consideration.

As for his confinement, Big Sandy USP is reporting 0 COVID-19 positive inmates, 4 staff positive inmates, 4 recovered inmates, 22 recovered staff and no inmate deaths.[6] Thus, there is no evidence to suggest that the conditions at Big Sandy place him at a significant risk. *See,*

---

[5] The Government also argues that while releasing "uninfected inmates mitigates the concrete risk of them getting infected," *United States v. Molley,* 2020 WL 3498482 (W.D. Wash. June 29, 2020), the same theory may not apply to reduce the risk of reinfection. The Government points out the CDC's warning that "[w]e do not know to what degree or duration persons are protected against reinfection…" https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html. The Court agrees that the immune response from individuals who have contracted COVID-19 is speculative and currently the subject of debate in the medical community.

[6] https://www.bop.gov/coronavirus/ (last accessed 9/1/2020).

*Melgarejo*, , 2020 WL 2395982, at *3 ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus."), *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited September 1, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The minimal number of cases at this institution is a testament to the BOP's mitigation and safety efforts. Additionally, the fact that Defendant recovered from COVID-19 and has now tested negative on at least two occasions demonstrates the ability of the BOP to adequately treat cases that arise at its facilities.

Finally, with respect to the § 3553(a) factors, the Court observes that the Defendant was sentenced a little over 9 months ago for serious gun and drug crimes. His sentence of 84 months was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. While the Court appreciates the Defendant's statements that he has learned that the prison lifestyle is not for him, the Defendant's extensive criminal history and offense conduct tell a different tale. Thus, the Court finds that the Defendant is a substantial danger to the community and the significant

sentence reduction Defendant seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 198) is DENIED.

So ORDERED on September 3, 2020.

                                                  s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT