UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Cause No. 1:17-CR-29-HAB |
| ) | |
| JOSEPH SANDERS, ) | |
| ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's third request for compassionate release "under any circumstances." (ECF No. 205). This Court has previously denied both of the Defendant's prior requests: the first because he had an appeal pending (ECF No. 197), and the second because he failed to demonstrate extraordinary and compelling reasons for the relief sought. (ECF No. 203). The Defendant has now filed the present request seeking to expand upon the reasons this Court previously found insufficient to warrant relief. But now, Defendant has a new problem. Because the Defendant failed to demonstrate he exhausted his administrative remedies and the Seventh Circuit has made clear that he must do so prior to seeking relief in this Court, his request for compassionate release must be denied.

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion lead to this Court's practice of setting aside the "thorny issue" of exhaustion in favor of reaching the merits of compassionate release petitions. In fact, this Court followed this practice with respect to the Defendant's second petition for compassionate release (ECF No. 203 at 3: noting that the Government raised the affirmative defense of exhaustion but declining to rule on the Defendant's petition on that basis).

The Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), has now laid to rest the question of whether exhaustion is a mandatory requirement. There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 209 at 5–9), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant's filings with the Court are void of any reference to exhaustion or any assertion or other proof that he has complied with his obligations to exhaust his remedies at the institution prior to seeking relief here. Accordingly, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement. Unless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot further consider the merits of his compassionate release request. Therefore, his motion requesting compassionate release (ECF No. 205) is DENIED.

SO ORDERED on March 23, 2021.

        s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT